UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DONALDSONVILLE GLASS AND BODY WORKS, INC.** | **CIVIL ACTION NO.** _____ |
| **VERSUS** | |
| | **JUDGE**_____ |
| **GONZALES MUNICIPAL POLICE DEPT., and CHIEF SHERMAN D. JACKSON** | **MAGISTRATE JUDGE**_____ |

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Plaintiff, Donaldsonville Glass and Body Works, Inc. ("DGB") for its Complaint against Defendants, Gonzales Municipal Police Department ("Gonzales Police Department") and Chief Sherman D. Jackson ("Jackson") (Gonzales Police Department and Jackson are collectively referred to herein as "Defendants"), alleges as follows:

**PARTIES**

1.

Plaintiff, DGB, is a Louisiana corporation with its principal place of business in Ascension Parish, Louisiana.

2.

Defendant, Gonzales Police Department, is a body politic located in Ascension Parish, State of Louisiana.

3.

Defendant, Jackson, is the Chief of Police for the City of Gonzales, Louisiana.

**JURISDICTION AND VENUE**

4.

This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 because it involves a claim for violation of 42 U.S.C. § 1983. Venue is proper in the Middle District of Louisiana because all of the events and omissions giving rise to the claim occurred in this District.

**FACTS**

5.

DGB is a full-service automotive repair facility engaged in the business of towing and repairing automobiles for the past 40-plus years. As part of its business, DGB relies upon towing calls from law enforcement agencies. For a large majority of those towing jobs, DGB is selected to perform the automotive repairs for the vehicle owner whose vehicle required towing.

6.

The creation and maintenance of tow rotation lists for law enforcement agencies is specifically authorized by La. R.S. 32:1711, *et seq*. and Louisiana Administrative Code, Title 55, Section 1947.

7.

The Ascension Parish Sheriff's Office ("APSO") maintains a towing rotation list whereby local towing companies are called as needed by law enforcement (the "APSO Tow Rotation List"). If a vehicle owner does not request a specific towing company, dispatchers are required by law to rotate through the list of approved tow companies.

8.

As of the date of this filing, there are eleven (11) approved towing companies who are on the APSO Tow Rotation List.

9.

For more than two decades, DGB has been an approved towing company on the Ascension Parish Sheriff's Office tow rotation list.

10.

Prior to February 2022, the APSO Tow Rotation List covered all areas of Ascension Parish, Louisiana, specifically including the City of Gonzales. DGB performed towing jobs and operated within the City of Gonzales without incident for decades.

11.

In January 2022, the Gonzales Police Department, through its Chief of Police, Jackson, decided to implement and maintain its own tow rotation list, while still relying upon the APSO dispatch to implement the list. Thus, there are currently two tow company lists being managed and utilized by the APSO dispatchers—the APSO list for car wrecks in Ascension Parish but outside of the city of Gonzales and the City of Gonzales list for Ascension Parish car wrecks inside city limits.

12.

Pursuant to La. R.S. 32:1711, et seq., law enforcement agencies are allowed to create and maintain tow rotation lists so long as the implementation of such a program complies with the rules and regulations promulgated in the Louisiana Administrative Code, Title 55, Section 1947.

13.

Pursuant to Louisiana Administrative Code, Title 55, Section 1947, sections C and D, if a law enforcement agency wants to create its own tow rotation list, the agency must publish a department-approved application for inclusion in the tow rotation list.

14.

Once a tow company submits an application for inclusion into the program, "the application shall be forwarded to the appropriate department representative, who shall review and determine compliance" with subsection C of Louisiana Administrative Code, Title 55, Section 1947.

15.

Then, upon a finding of compliance, "**the applicant shall be added to the towing rotation list**." LAC, Title 55, Section 1947(D).

16.

Despite these clear requirements, when the Gonzales Police Department and Jackson decided to implement a new tow rotation list for the City of Gonzales, they failed to comply with the required law.

17.

Rather, Jackson hand-picked five (5) tow companies for inclusion in the Gonzales tow rotation list and instructed the Gonzales Police Department to begin using only these five companies for all tow jobs in the City of Gonzales—effectively cutting DGB (and others) out from work it had been performing for decades.

18.

Defendants did not publish an application for inclusion in the program. DGB (and others) were not even allowed to apply. Instead, the day before the program was set to begin, Defendants sent the five included companies an "Application for Towing Renewal" for signature and submission.

19.

However, this was a ruse. There was no renewal of any existing application or contract. This was a new program, and Defendants simply papered the file on the very last day to make it look like they were following the law. They were not. Instead, Defendants began and continue steering contracts to hand-picked towing companies in violation of the law.

20.

Defendants' actions have damaged and continue to damage DGB in that DGB is being deprived of its right to participate in the tow rotation list and, thus, is losing money both for the value of the missed tow jobs but also for the lost repair work that coincides with tow jobs.

## **CLAIM ONE – 42 U.S.C. § 1983 (Civil Rights)**
## **(Against All Defendants)**

21.

Plaintiffs incorporate Paragraphs 1 – 20 of this Complaint as if fully set forth herein.

22.

Defendants, acting under color of law, violated the civil rights guaranteed Plaintiff by federal law, including the Fourteenth Amendment rights to due process and equal protection.

23.

Defendants' refusal to allow Plaintiff to participate or even apply for the City of Gonzales tow rotation list was intentional, without rational basis, and treated Plaintiff differently from other tow companies similarly situated.

24.

Plaintiff has and had a right to apply for inclusion in the City of Gonzales' tow rotation program and to be treated fairly and on an equal basis with other tow rotation contractors. To be clear, Plaintiff and the five tow contractors hand-selected by Defendants are identically situated.

25.

Defendants' actions intentionally violated clearly established constitutional rights of which a reasonable person would have known. Moreover, Plaintiff has a property interest in being included in the City of Gonzales tow rotation list pursuant to La. R.S. 32:1711, *et seq*. and Louisiana Administrative Code, Title 55, Section 1947 given the fact that the cited statutes and regulations provide for mandatory inclusion in the tow rotation list for compliant tow operators.

26.

This denial of equal protection by means of enforcing disparate treatment of tow companies was and is the official policy of the Gonzales Police Department, intentionally carried out and/or ratified by Jackson.

27.

As a result of Defendants' actions, Plaintiff suffered monetary damages, loss of business, loss of employment, and additional damage according to proof. Defendants' actions demonstrate reckless or callous indifference to Plaintiff's federally protected rights.

## CLAIM TWO – DECLARATORY RELIEF

28.

Plaintiffs incorporate Paragraphs 1 – 28 of this Complaint as if fully set forth herein.

29.

Defendants obvious position is that they are not required to allow tow companies to apply for inclusion in the City of Gonzales tow rotation list despite the language contained in La. R.S. 32:1711, *et seq*. and Louisiana Administrative Code, Title 55, Section 1947.  Thus, there is an actual controversy regarding the requirements of Louisiana law and violations of Plaintiff's federally protected constitutional rights.

30.

Plaintiff seeks a declaration from this Court that the Gonzales Police Department is required to allow all compliant tow companies the opportunity to apply for and be placed on the tow rotation list implemented and maintained by Defendants.

## CLAIM THREE - ATTORNEY'S FEES

31.

Plaintiff affirmatively pleads for the recovery of attorneys fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988(b).

## REQUEST FOR RELIEF

Plaintiff, Donaldsonville Glass & Body, Inc., respectfully requests that judgment be entered against the Defendants as follows:

1. An award of compensatory damages against Defendants;
2. An award of punitive damages against Defendants;

3. A declaration that Defendants' failure and/or refusal to allow Plaintiff to apply for inclusion in the two rotation list violates applicable Louisiana statutory law and regulations;

4. An award of attorneys fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988(b)

5. An award of all costs of this proceeding; and

6. For all other relief, both in law and equity, for which Plaintiff may show itself justly entitled.

Respectfully,

**WILLIAMS, ANDERSON, RYAN & CARROLL LLP**

BY:   /s/ Taylor S. Carroll
Taylor S. Carroll, Bar Roll No. 28522
9241 Bluebonnet Ave.
Suite A
Baton Rouge, Louisiana 70810
Telephone: 225-412-7121
Telecopier: 214-754-9301
Email: tcarroll@warc-law.com

ATTORNEYS FOR DONALDSONVILLE GLASS AND BODY, INC.