# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DONALDSONVILLE GLASS AND BODY WORKS, INC. | CIVIL ACTION |
| VERSUS | 22-817-SDD-RLB |
| CITY OF GONZALES, ET AL. | |

consolidated with

| | |
|---|---|
| SOUTHERN TOWING & TRANSPORT, LLC, ET AL | CIVIL ACTION |
| VERSUS | 23-473-SDD-RLB |
| CITY OF GONZALES | |

## RULING

Before the Court are three contested Motions *in Limine* and a contested Motion for Adverse Inference/Presumption.[1] For the reasons which follow, the Motions are Denied in part and Granted in part.

**I.  Plaintiffs' Motion *in Limine* and Motion for Adverse Inference/Presumption (Rec. Doc. 56)**

Plaintiffs move to exclude evidence of various towing rotation list applications.[2] Plaintiffs move for pretrial exclusion on the grounds of authenticity, lack of foundation, relevance, and hearsay. Defendant opposes the Motion.[3]

---

[1] Rec. Docs. 56, 57, 58.
[2] Exhibit 1, 2022 American Towing rotation list application; Exhibit 2, 2023 American Towing rotation list application; Exhibit 3, 2022 Ascension Towing rotation list application; Exhibit 4, 2023 Ascension Towing

1

The Motion *in Limine* is DENIED. The evidence is not clearly inadmissible.[4] The Court declines to rule on admissibility in the vacuum of a pretrial motion. The better course is to raise evidentiary and admissibility objections at trial. All objections are reserved to trial.

Plaintiffs also seek an adverse inference and/or presumption that accident reports and call/dispatch logs, allegedly not produced by Defendant despite discovery requests, would establish the Plaintiffs' economic losses. Plaintiffs maintain that:

> Ball and Mr. Palmer confirmed the amount of money they lost can be calculated using defendant City's accident reports showing the number of callouts by the City of Gonzales Multiplying the potential income for each tow times the number of tows they lost demonstrates their actual financial losses as a result of defendant's retaliation. [5]

Defendant responds that "plaintiffs did not request such documents on November 8, 2023 when they issued their first set of requests for admission, interrogatories, and requests for production of documents to the City of Gonzales, and only requested (some of) those documents days before the February 15, 2024 discovery deadline."[6] Defendant also rightly points out that no Motion to Compel was filed. Plaintiffs contend that Defendant's Initial Disclosures identify these documents. This is untrue. The Defendant's Initial Disclosures identify "any document(s) which show(s) or tend(s) to

---

rotation list application; Exhibit 5, 2022 Carter's Towing rotation list application; Exhibit 6, 2023 Carter's Towing rotation list application; Exhibit 7, 2022 Fisher's Towing rotation list application; Exhibit 8, 2023 Fisher's Towing Rotation list application; Exhibit 9, 2022 Tullier's Towing rotation list application; Exhibit 10, 2023 Tullier's Towing rotation list application; Exhibit 11, 2024 Action Towing rotation list application**.** (Rec. Doc. 56-2)
[3] Rec. Doc. 64
[4] *Arnold v. Alvarado*, 2024 WL 3090680, at *2 (E.D.La., 2024) (citing *Rivera v. Robinson*, 464 F. Supp. 3d 847, 853 (E.D. La. 2020) (quoting *Auenson*, 1996 WL 457258, at *1))).
[5] Rec. Doc. 56-2
[6] Rec. Doc. 64

show the process of how towing companies are selected and utilized."[7] This cannot reasonably be read to identify accident reports and call/dispatch logs.

The short of it is that the Plaintiffs have not identified any documentary evidence to substantiate or demonstrate economic losses on the final Pretrial Order, making it apparent that Plaintiffs endeavor to prove economic losses by inference or presumption. If there was a failure of production, that should have been raised pretrial in a Motion to Compel.[8] It was not. Furthermore, an adverse inference is "only appropriate where the claimant shows 'bad faith' or 'bad conduct' by the spoliator."[9] Plaintiffs make no such showing.

Plaintiffs' request for an adverse inference or presumption is DENIED.

II.     **Defendant's Motion *in Limine* to Exclude Evidence and Testimony Regarding Lt. Lance Bourgeois (Rec. Doc. 57)**

Plaintiffs maintain that Fisher's Towing, a company on the Gonzales towing rotation list, is politically affiliated with the Gonzales Police Department because Fisher's owners are friends with Gonzales Police Department Lieutenant Lance Bourgeois.[10] Plaintiffs point to no evidence that Lieutenant Lance Bourgeois was a policymaker vis-à-vis the police department's towing rotation list. The Plaintiffs' First Amendment claim requires proof of (1) an official policy (2) promulgated by a policymaker, that (3) was the moving force behind the violation of a constitutional right.[11] Without evidence that Lt. Bourgeois was instrumental in making the towing list policy at issue, his alleged friendship with the owners of one of the companies on the list is

---

[7] Rec. Doc. 42-9
[8] *BHI Energy I Power Servs. LLC v. KVP Holdings, LLC*, 2024 U.S. Dist. LEXIS 67134, at *40 (N.D. Tex. Apr. 12, 2024); *Akeem v. Dasmen Residential, LLC,* 2024 U.S. Dist. LEXIS 133997, at *22 (E.D.La. July 30, 2024).
[9] See *Guzman v.Jones,* 804 F.3d 707, 713 (5th Cir. 2015)
[10] Rec Doc. 42, pp. 5-6
[11] *Hicks-Fields v. Harris Cnty.*, 860 F.3d 803, 808 (5th Cir. 2017) (citations omitted).

entirely irrelevant. Without evidence that Lt. Bourgeois had and exercised policy making authority over the towing list, evidence of his personal friendship with the owners of one of the companies on the list is clearly inadmissible. The Motion *in Limine* (Rec. Doc. 57) is GRANTED.

### III. Defendant's Motion *in Limine* to Exclude Testimony Regarding Lost Revenue and Profits (Rec. Doc. 58)

Defendant moves to exclude testimony of the Plaintiffs' principals that they lost revenue and profits because of not being included in the Gonzales Police Department's towing rotation list. Defendant maintains that under state law, "testimony alone is not sufficient to recover lost profits."[12]

Plaintiffs state that they "intend to present evidence of lost revenue and profit by being excluded from the towing rotation list through the testimony of Mr. Ball and Mr. Palmer."[13] As revealed by their exhibit list and the Plaintiffs' request for an inference or presumption of economic losses,[14] it is clear that the Plaintiffs have no documentary evidence to substantiate the principals' testimonial claims that they lost revenue/profits. Plaintiffs candidly concede that "the measure of damages for a §1983 claim is 'ordinarily determined according to principles derived from the common law of torts.'"[15] Nonetheless, Plaintiffs argue that "defendant's reliance on Louisiana Appellate Court decisions analyzing state law is not binding or persuasive in this case."[16] The cases cited by the Plaintiffs in support of this contention are not on point.

---

[12] Rec. Doc. 58-2 citing *Volentine v. Raeford Farms of La., LLC*, 50698 (La. App. 2 Cir. 08/15/16); 201 So. 3d 325, 352.
[13] Rec. Doc. 65.
[14] Rec. Doc. 56.
[15] Plaintiffs cite *Memphis Community School Dist. v. Stachura*, 477 U.S. 299, 305, 106 S. Ct. 2537, 91 L.Ed. 2d 249 (1986). Rec. Doc. 65.
[16] Rec. Doc. 65.

Cases arising under Title 42 U.S.C. § 1983 are "'a species of tort liability' in favor of persons who are deprived of 'rights, privileges, or immunities secured' to them by the [United States] Constitution."[17] Accordingly, when § 1983 plaintiffs seek damages for violations of constitutional rights, the level of damages is ordinarily determined according to principles derived from the common law of torts as a matter of federal common law.

In *J & B Ent. v. City of Jackson, Miss.*,[18] the court, guided by Supreme Court and Fifth Circuit precedent applying 42 U.S.C. § 1988, determined that Mississippi state law provided the measure of damages: "[I]n civil rights cases, Congress has directed the federal courts to use that combination of federal law, common law, and state law as will be best 'adapted to the object' of the civil rights laws."[19] Inasmuch as the law of Louisiana on the recovery of economic damages is not inconsistent with the Constitution and laws of the United States, this Court will look to Louisiana law for the rule of decision on the issue of damages.

Under Louisiana law, economic losses such as lost profits must be proved with reasonable certainty and cannot be based on speculation or conjecture.[20] In the Louisiana Second Circuit, a claim for lost profits cannot rest solely on the testimony of the injured party without being substantiated by other evidence.[21] Plaintiffs cite other

---

[17] *Memphis Community School Dist. v. Stachura*, 477 U.S. 299, 305–06, 106 S.Ct. 2537, 91 L.Ed.2d 249 (1986); *Carey v. Piphus*, 435 U.S. 247, 253, 98 S.Ct. 1042, 1047, 55 L.Ed.2d 252 (1978); *Imbler v. Pachtman*, 424 U.S. 409, 417, 96 S.Ct. 984, 988, 47 L.Ed.2d 128 (1976); see also *Smith v. Wade*, 461 U.S. 30, 34, 103 S.Ct. 1625, 1628, 75 L.Ed.2d 632 (1983); *Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 258–259, 101 S.Ct. 2748, 2755–2756, 69 L.Ed.2d 616 (1981).
[18] 720 F. Supp. 2d 757, 763–64 (S.D. Miss. 2010).
[19] *Id.* at 763.
[20] *Simpson v. Restructure Petroleum Mktg. Servs., Inc.*, 36,508 (La. App. 2d Cir. 10/23/02), 830 So.2d 480; *Clark v. Ark-La-Tex Auction, Inc.*, 593 So.2d 870 (La. App. 2d Cir.1992), *writ denied*, 596 So. 2d 210 (La. 1992).
[21] *Volentine v. Raeford Farms of La., LLC*, 50698 (La. App. 2 Cir. 08/15/16); 201 So. 3d 325, 352.

5

circuits in Louisiana which have held that a party's own testimony may be sufficient to support an award of loss profit.[22] There is no bright line test for what constitutes proof by a reasonable certainty.

Traditionally, businesses have sought to prove lost profits through a comparison of profits prior to injury with the decreased profits post-injury. However, there are instances where plaintiffs choose not to use this method due to the lack of profit history or because that method does not adequately show profits lost. In those circumstances, plaintiffs may prove the existence of lost profits by comparing its profits with those of a similar business, competitor, or any other relevant entity.[23] However, "mere estimate[s] of [plaintiff's] loss will not support a claim for lost profits."[24]

Typically, plaintiffs will employ experts to measure a baseline and calculate damages with reasonable certainty. However, expert witnesses are not required in order to prove damages of lost profits, but multiple state courts counsel that an economic claim "cannot rest solely on the testimony of the injured party without being substantiated by other evidence."[25] "Although the absence of ***independent*** corroborative evidence is not always fatal, the lack of even a minimal degree of detail and specificity in the plaintiff's testimony, regarding the issue of lost profits, would preclude recovery of this item of damages."[26] In *Wasco, Inc.*, the Louisiana Fourth

---

[22] Rec. Doc. 65, note 19.
[23] 26 Am. Jur. Proof of Facts 3d 119 (Originally published in 1994).
[24] *Sudo Properties, Inc. v. Terrebone Par. Consol. Gov't*, 2008 WL 3289843, at *1–2 (citing *Watermeier v. Mansueto*, 562 So. 2d 920, 924).
[25] *Simpson v. Restructure Petroleum Mktg. Servs., Inc.*, 36,508 (La. App. 2 Cir. 10/23/02), 830 So. 2d 480, 484 (quoting *New Orleans Riverwalk Assoc. v. Robert P. Guastella, Inc.*, 94–2092 (La.App. 4 Cir. 11/16/95), 664 So.2d 151; *writ granted*, 96–0199 (La.4/8/96), 671 So.2d 327; *See Louisiana Joint Underwriters of Audubon Ins. Co. v. Gant*, 439 So.2d 1153, 1157 (La.App. 4 Cir.), *writ denied*, 443 So.2d 589 (La. 1983)).
[26] *Union Pac. R.R. Co. v. Taylor Truck Line, Inc.*, No. CV 15-0074, 2017 WL 2177979, at *3 (W.D. La. May 17, 2017)(citing *White Haute, LLC v. Mayo*, 09-955 (La. App. 5 Cir. 3/23/10), 38 So. 3d 944,

Circuit held that lost profits were not recoverable under state law in a breach of contract case when the evidence of the lost profit consisted solely of plaintiff's uncorroborated testimony regarding profit.[27] In calculating lost profits claims, another Section of this Court has explained:

> Although a perfect measure of damages is not required, mere speculation or conjecture is insufficient and the damaged party must provide evidence for a reasonably accurate estimate of the amount of damages such that it appears reasonably evident that the amount allowed rests upon a certain basis. Claims for lost profits cannot rest solely on the testimony of the injured party without being substantiated by other evidence.[28]

This Court is persuaded that the uncorroborated testimony by a plaintiff alone is insufficient to prove economic loss damages to a degree of reasonable certainty. Accordingly, the testimony of Plaintiffs herein may be sufficient for a jury to award damages if that testimony is substantiated by other corroborating evidence. But under both federal law and Louisiana law, the unsubstantiated testimony of the injured party does not constitute reasonable certainty of lost profits.[29]

However, just because plaintiffs uncorroborated testimony of lost profits/revenues does not satisfy the burden of proof, the Court does not find that it is categorically inadmissible. The Defendants Motion *in Limine* (Rec. Doc. 58) is denied, with reservation of their right to object at trial. Whether there has been sufficient proof of

---

9538)(emphasis added) (citing *Wasco, Inc. v. Economic Development Unit, Inc.*, 461 So.2d 1055, 1056 (La. App. 4 Cir. 1984), *writ denied*, 465 So.2d 738 (La. 1985)).
[27] *Wasco, Inc. v. Econ. Dev. Unit, Inc.,* 461 So. 2d 1055, 1058 (La. Ct. App. 1984), *writ denied*, 465 So. 2d 738 (La. 1985)).
[28] *Trinity Med. Servs., LLC v. Merge Healthcare Sols., Inc.*, No. CV 17-592-JWD-EWD, 2020 WL 97162, at *8 (M.D. La. Jan. 8, 2020)(citing *Towing & Recovery Prof'l of Louisiana Tr. v. Swift Transp. Co.*, No. 08-1685, 2009 WL 1605150, at *2 (E.D. La. June 8, 2009))(internal citations and quotations omitted).
[29] *Duhon v. Briley*, 2012-1137, 117 So. 3d 253, 261 (La. App. 4 Cir. 5/23/13)(citing *Louisiana Joint Underwriters of Audubon Ins. Co. v. Gant*, 439 So.2d 1153, 1157 (La.App. 4 Cir.1983)).

economic loss at trial for the jury to deliberate on that element will be taken up in connection with the jury charges.

The Court DENIES the Defendant's motion for an adverse inference/presumption prayed for by the Defendant for the same reasons set forth above.

## CONCLUSION

It is ordered:

Plaintiff's Motion *in Limine* and Motion for Adverse Inference/Presumption (Rec. Doc. 56) is hereby DENIED;

Defendant's Motion *in Limine* to Exclude Evidence and Testimony Regarding Lt. Lance Bourgeois (Rec. Doc. 57) is hereby GRANTED;

Defendant's Motion *in Limine* to Exclude Testimony Regarding Lost Revenue and Profits (Rec. Doc. 58) is hereby DENIED.

Signed in Baton Rouge, Louisiana on October 24, 2024.

_____
**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**