UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DONALDSONVILLE GLASS AND BODY WORKS, INC. | CIVIL ACTION |
| VERSUS | 22-817-SDD-RLB |
| CITY OF GONZALES, ET AL. | |

consolidated with

| | |
|---|---|
| SOUTHERN TOWING & TRANSPORT, LLC, ET AL | CIVIL ACTION |
| VERSUS | 23-473-SDD-RLB |
| CITY OF GONZALES | |

## RULING

This matter is before the Court on the Motion for Preliminary Injunction and/or Declaratory Relief filed by Plaintiff Gonzales Towing and Repair, Inc. ("Plaintiff").[1] Defendant, City of Gonzales ("Defendant" or the "City") opposes the Motion.[2] For the reasons that follow, Plaintiff's Motion will be denied.

I.   FACTUAL AND PROCEDURAL BACKGROUND

This lawsuit arises out of the claims brought by Plaintiffs, Southern Towing & Transport, LLC ("Southern Towing") and Gonzales Towing and Repair, Inc. (Gonzales Towing") that the City of Gonzales violated their First Amendment rights of political

---

[1] Rec. Doc. 86.
[2] Rec. Doc. 87.

speech and association and created an illegal monopoly by adopting a five-company towing rotation list for the City.[3] Plaintiffs also sought declaratory and injunctive relief. Plaintiffs claimed they were not selected to the Defendant's towing rotation list because they did not support City of Gonzales Chief of Police Sherman Jackson's ("Chief Jackson") latest re-election bid. Defendant filed a Motion for Summary Judgment,[4] which the Court granted in part and denied in part.[5] The Court dismissed Plaintiffs' antitrust claims with prejudice but denied summary judgment as to their First Amendment and declaratory/injunctive claims.[6]

The First Amendment claim proceeded to a jury trial, where a jury returned a verdict in favor of Gonzales Towing and awarded it $2,500.00 in nominal damages; however, the jury returned a verdict against Southern Towing, finding that its exclusion from the towing rotation list was not motivated by any political speech or conduct.[7]

At the trial's conclusion, the Court advised the Parties that it would entertain briefing on the request for declaratory and injunctive relief. Gonzales Towing has filed the pending Motion for Injunctive and Declaratory Relief, which is opposed by the City of Gonzales.

## II.    PARTIES' ARGUMENTS

Plaintiff argues it is entitled to injunctive relief based on a jury verdict finding that the Defendant violated its First Amendment rights by excluding it from the towing rotation list in retaliation for its constitutionally protected conduct. Plaintiff maintains it continues

---

[3] Rec. Doc. 18, ¶¶ 6, 13, 15, 16, 19, 22.
[4] Rec. Doc. 39.
[5] Rec. Doc. 54.
[6] *Id.*
[7] Rec. Doc. 83.

to suffer irreparable harm because the exclusion continues. Plaintiff contends it has satisfied the standard for injunctive relief, arguing it has shown success on the merits, irreparable harm, that the balance of equities tips in its favor, and that an injunction is in the public interest. Plaintiff also cites jurisprudence supporting its argument that it is entitled to a permanent injunction based on Defendant's past conduct and lack of recognition of its transgression. Plaintiff claims the City's conduct was egregious, the violation recurrent, and the City had actual knowledge of violations of regulations but did nothing. Plaintiff contends the City is responsible for ensuring compliance with towing regulations. Plaintiff argues for injunctive relief to prohibit continuing violations of its First Amendment rights.

Plaintiff also argues declaratory relief is appropriate and asks the Court to declare the current rotation list illegal and unconstitutional. Plaintiff contends that Defendant's creation of the towing rotation list, while permitted under law, is unconstitutional as applied. This premise, Plaintiff argues, is demonstrated by the record of this proceeding of unlawful patronage and the jury's finding that Plaintiff was excluded from inclusion because of its engagement in First Amendment protected activity. Plaintiff maintains declaratory relief is appropriate even without standing for injunctive relief, as a favorable outcome will redress not only past injuries but future injuries. Plaintiff argues that a declaration that the City's towing rotation list is facially invalid would protect others beyond Plaintiff. Finally, Plaintiff contends the trial evidence established that the towing rotation list was illegally implemented, as the Defendant refused to undertake its legal mandate to review and determine compliance with regulations.

Defendant opposes Plaintiff's motion for injunctive relief, asserting that it should not encompass more conduct than requested or exceed the legal basis of the lawsuit; additionally general injunctions ordering a defendant to "obey the law" are prohibited. Defendant maintains Plaintiff is not entitled to inclusion on the rotation list, only the opportunity to apply, and both Gonzales Towing and Southern Towing have submitted applications since the trial. Further, Defendant contends the trial was about why Plaintiff was not on the list, not whether the list itself is illegal or unconstitutional. Moreover, granting declaratory relief would have far-reaching consequences for other towing rotation lists. Defendant cites jurisprudence explaining that injunctive relief is not automatically awarded even when a violation is established.

Defendant also argues Plaintiff has not shown irreparable injury, as it provided no evidence of financial degradation, and it now has the opportunity to apply for inclusion on the list. Defendant acknowledged that it cannot deny an application based on an applicant's First Amendment protected conduct but maintains that state law gives it wide discretion in implementing and selecting companies for the list. Defendant notes that Plaintiff received a monetary remedy for the First Amendment violation found by the jury; however, the requested permanent injunction is vague and fails to satisfy the specificity requirements of FRCP 65(d).

Defendant further claims Plaintiff's requested relief pursuant to LAC Title 55 §§ 1931 and 1941 is unavailable because these statutes apply to storage facilities, not the City.[8] Defendant argues LAC 55 §I.1947 gives the agency discretion regarding participation and removal from the list, and penalties for violations are permissive, not

---

[8] LAC 55:I.1927.

mandatory.[9] Importantly, Defendant notes that the jury did not find any violations of state law.

Finally, Defendant argues Plaintiff's request for injunctive relief is a blanket statement to follow the law, which is already a requirement. Moreover, striking the City's list would not resolve Plaintiff's issues because other lists include some of the same allegedly unqualified companies.

As for declaratory relief, Defendant argues this request is improper because it operates under a premise that the list is illegal/unconstitutional unless Plaintiff is included. Defendant argues this perspective is erroneous, as Plaintiff is entitled only to the opportunity to submit an application, not to absolute inclusion on the list. Defendant contends granting Plaintiff's request for declaratory relief would have far-reaching consequences, potentially affecting towing rotation lists throughout the state, including the State Police rotation list and other non-party law enforcement agencies. Additionally, Defendant points out that the jury verdict did not find that the towing rotation list was illegal or that Southern Towing was left off the list because of its constitutionally protected conduct. Rather, the jury only found that one company's exclusion was substantially motivated by its exercise of constitutionally protected conduct; it did not consider any purported violations of state law.

### III.  LAW AND ANALYSIS

#### A.  Declaratory Judgment Act

"The Declaratory Judgment Act provides that, 'in a case of actual controversy within its jurisdiction. . .any court of the United States. . . may declare the rights and other

---

[9] *Id.*

legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.'"[10] The Court must ask "(1) 'whether an 'actual controversy' exists between the parties' in the case; (2) whether it has authority to grant declaratory relief; and (3) whether 'to exercise its broad discretion to decide or dismiss a declaratory judgment action.'"[11] Moreover, a declaratory judgment "cannot be used to seek an opinion advising what the law would be on a hypothetical set of facts. . . ."[12] "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."[13]

### B. Permanent Injunctive Relief

"The standard for determining whether a permanent versus a preliminary injunction should issue is primarily the same, except that the Court determines the plaintiff's success on the merits rather than the plaintiff's likelihood of success on the merits."[14] "To be entitled to a permanent injunction for a constitutional violation, a plaintiff must show (1) that there has been such a violation, (2) the existence of continuing irreparable injury if the injunction does not issue, and (3) the lack of an adequate remedy at law."[15] However,

---

[10] *Donelon v. Altman*, 2021 WL 4205654, at *3 (M.D. La. Sept. 15, 2021) (citing *Frye v. Anadarko Petroleum Corp.*, 953 F.3d 285, 293–94 (5th Cir. 2019)).
[11] *Id* (citing *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000)).
[12] *Id* (citing *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009)).
[13] *Id* (citing *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)).
[14] *Dye v. McKeithen*, 856 F.Supp. 303, 306 (W.D.La.1994)(citing *Amoco Production Co. v. Village of Gambel, Alaska*, 480 U.S. 531, 546 n. 12, 107 S.Ct. 1396, 1404 n. 12, 94 L.Ed.2d 542 (1987)(other citation omitted).
[15] *Causeway Medical Suite v. Ieyoub*, 905 F.Supp. 360, 366 (E.D.La.1995), *aff'd* 109 F.3d 1096 (5th Cir.1997)(citing *Dye*, 856 F.Supp. at 306 (citing *Newman v. State of Alabama*, 683 F.2d 1312, 1319 (11th Cir.1982), *cert. denied*, 460 U.S. 1083, 103 S.Ct. 1773, 76 L.Ed.2d 346 (1983))).

even when a plaintiff succeeds at trial, injunctions are matters of "equitable discretion," and "[an injunction] does not follow from success on the merits as a matter of course."[16]

### 1. Success on the Merits/Existence of a Constitutional Violation

It is undisputed that Plaintiff obtained a favorable jury verdict and modest award on its First Amendment retaliation claim. However, the Court finds that the injunctive and declaratory relief sought by Plaintiff far exceeds the scope of the jury's verdict and the success obtained. Plaintiff wants to the Court to declare the City's towing rotation list illegal and unconstitutional not just based on the jury's verdict but specifically on the grounds that the City has violated Louisiana law and regulations regarding the selection and operation of towing rotation lists in general. Defendant is correct that the jury was neither asked nor found any such violations of state law. The only injunctive relief available that comports with the jury's verdict would be the type of inappropriate "obey the law" injunction ordering the City to select companies without violating the First Amendment. Such broad injunctive relief is improper, and the Fifth Circuit has held that "obey the law" injunctions cannot be sustained.[17]

The issue of statutory compliance was not presented to the jury because these arguments were made in support of Plaintiffs' initial requests for injunctive and declaratory relief; accordingly, the Court is the trier of fact in determining the entitlement to such relief.[18] The Court finds that Plaintiff is not entitled to declaratory or injunctive relief on

---

[16] *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 32 (2008); *See also Weinberger v. Romero-Barcelo*, 456 U.S. 305, 313 (1982) (holding that a federal judge is not "mechanically obligated" to grant an injunction for every violation of law).
[17] *See Abner v. Kansas City Southern Ry. Co.*, No. 03-0765, 2007 WL 1169373 at *1, n. 2, (W.D. La. Apr. 17, 2007)(citing *Payne v. Travenol Lab., Inc.*, 565 F.2d 895, 897-98 (5th Cir. 1978)); *Versata Software, Inc. v. Internet Brands, Inc.*, No. 08-cv-313, 2012 WL 3075712, at * 3 (E.D. La. July 8, 2012)(citing *Meyer v. Brown & Root Const. Co.*, 661 F.2d 369, 373 (5th Cir. 1981)).
[18] *See McClanahan v. Wilson*, No. 17-1720-JWD-RLB, 2019 WL 3456623, at *

the grounds that the City did not strictly comply with Louisiana law and regulations regarding the towing industry.

The Louisiana Administrative Code provides that towing companies selected by a law enforcement agency to participate on their rotation list shall participate at the discretion of the law enforcement agency and may be removed for any violation of law, agency rule, or policy.[19] The controlling regulatory framework vests a high level of discretion in law enforcement in the implementation and regulation of towing rotation lists.

First, the City is correct that LAC Title 55 § 1931 and 1941 apply to storage and towing facilities, not the City. The City acknowledges that LAC Title 55 §I.1947 is applicable to towing rotation lists. However, this section clearly provides that local law enforcement agencies may establish a towing rotation list, and tow companies selected by law enforcement "shall participate at the discretion of the law enforcement agency and **may** be removed for any violation of law, agency rule, or policy."[20] A violator's automatic removal from the towing rotation list is not mandated by law, as Plaintiff suggests. Rather, as the City argues, the law provides local law enforcement with discretion both in the participation and removal from the list.

What the evidence **did** show at trial was that the City was not compliant with the selection process, specifically in that it pre-selected towing companies and provided them with applications after-the-fact rather than allowing any interested towing companies to submit applications first and then make subsequent selections. Nevertheless, even considering this failure, the Court does not find that injunctive or declaratory relief are appropriate here.

---

[19] La. Admin Code. tit. 55, Pt I, § 1947.
[20] LAC Title 55 §I.1947(A)(1) and (2).

First, as set forth above, the standard for issuance of a permanent injunction for a constitutional violation requires just that – a constitutional violation. The scope of relief sought by Plaintiff is specific to the City's application process violation - a statutory violation. Second, since the trial concluded, both Plaintiffs have submitted applications to participate in the City's towing rotation list. This is all Plaintiff is entitled to – it is not entitled to be placed on the list. Indeed, the law makes clear that "[p]lacement on the Louisiana State Police rotation list is a privilege, not a right."[21]

### 2. Existence of Continuing Irreparable Injury Without Injunction

As to this requirement, the Court finds that Plaintiff's injury is neither continuing nor irreparable. The law is clear that past wrongs do not necessarily demonstrate that the same future wrongs are substantially likely to occur. Additionally, speculative harm is insufficient to clear the high bar for obtaining an injunction. "Injunctions are forward-looking remedies that may issue 'only if *future* injury is "certainly impending."'"[22] "[S]peculation built upon further speculation does not amount to a 'reasonably certain threat of imminent harm'" and does not warrant injunctive relief.[23] "[B]ecause 'the court must decide whether the harm will in fact occur,' a party seeking injunctive relief must 'substantiate the claim of irreparable injury' and 'must show that the injury complained of is of such imminence that there is a clear and present need for equitable relief to prevent irreparable harm."[24]

---

[21] LAC 55:I.1907(B)(5).
[22] *Sierra Club v US Army Corps of Engineers*, 482 F.Supp.3d 543, 556-557 (W.D. Tex. 2020)(quoting *Aransas Project v. Shaw*, 775 F.3d 641, 664 (5th Cir. 2014) (emphasis added)).
[23] *Friends of Lydia Ann Channel v. United States Army Corps of Engineers*, 701 F. App'x 352, 357 (5th Cir. 2017) (quoting *Narragansett Indian Tribe v. Guilbert*, 934 F.2d 4, 6 (1st Cir. 1991)).
[24] *Sierra Club v. United States Army Corps of Engineers*, 990 F. Supp. 2d 9, 39 (D.D.C. 2013) (quoting *Wisconsin Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985)).

Future injury based on past injury requires a showing there exists a substantial risk that the conditions that lead to the past injury persist.[25] For example, in *Stringer v. Whitley*, the plaintiffs brought claims against Texas public officials for alleged violations of the Equal Protection Clause and the National Voter Registration Act of 1993.[26] Two plaintiffs believed the Texas Department of Public Safety ("DPS") system automatically updated their voter registration, only to later discover it did not when they were unable to vote in the 2014 federal election.[27] There, the plaintiffs sought declaratory and injunctive relief, both of which were granted by the district court on summary judgment.[28] However, the Fifth Circuit reversed, finding the alleged injury was only a *past* injury—not a continuing or threatened *future* injury.[29] The court found that the plaintiffs failed to show a sufficient probability that they would use the noncompliant DPS system again under conditions similar during the original injury.[30] It was not enough to allege they would continue to use the DPS system in the future because the only occasions that would trigger the voter registration system would be (1) if or when the plaintiffs moved within Texas, or (2) plaintiffs become unregistered to vote and/or wish to renew their driver's licenses in DPS.[31] The court found any arguments that the plaintiff *might* move to be purely speculative,[32] and there was no evidence of a substantial risk the plaintiffs would be again unable to update their voter registration using DPS.[33]

---

[25] *Stringer*, 942 F.3d 715.
[26] *Id.* at 719.
[27] *Id.*
[28] *Id.*
[29] *Id.* at 720. (emphasis added)
[30] *Id.* at 722.
[31] *Id.*
[32] *Id.* at 723. (emphasis added)
[33] *Id.*

In the present case, Plaintiff has not shown a substantial risk that future political retaliation or application process violations will continue in the City's towing list selection process. Unlike *Stringer*, where the plaintiffs only alleged their intended future use of the DPS system, Plaintiff herein has submitted a second application to be on the City's towing rotation list. While Plaintiff alleges its continued absence on the City's list is a result of retaliation, Plaintiff relies solely on the jury verdict that determined past conduct and speculate that the conduct will persist. This does not support a permanent injunction. Plaintiff has no actual knowledge or evidence that its post-trial application has been or will be denied because of retaliation or for any one of a multitude of legally cognizable reasons.  Plaintiff argues:

> [T]the defendant in this case showed no "recognition of" transgression and, indeed, Officer Dennis admitted that the only reason there was any consideration of altering behavior was because of the trial. When asked whether or not the City would now be taking steps to determine compliance and an actual considered application process, undersigned recalls Officer Dennis testifying, along the lines of, well, maybe now.[34]

Plaintiff interprets this testimony as evidence that the same flippant treatment will be given to the towing list application process in the future.  The Court disagrees.  A trial and partially unfavorable verdict could serve as great motivation to the City to follow the regulations in the application process and to make selection decisions based on non-retaliatory grounds.  Should the City continue the past behavior, it is subject again to potential lawsuits and damages.  The Court finds that Plaintiff has failed to demonstrate that the injury suffered will continue absent an injunction.

Plaintiff's injury is also not irreparable.  Longstanding Fifth Circuit jurisprudence holds that, "[w]hen an alleged deprivation of a constitutional right is involved, most courts

---

[34] Rec. Doc. 86-1, p. 3.

hold that no further showing of irreparable injury is necessary."[35] This is certainly true when the allegations are that the constitutional violations involve First Amendment free speech, the right to vote, and the right to privacy.[36] Here, however, both Plaintiffs sought compensatory damages for income they claimed they lost by their exclusion from the City's list. As a matter of law, "[i]rreparable injury is harm that 'cannot be undone through monetary damages,' that is, harm for which money damages are inadequate or for which money damages are 'especially difficult' to compute."[37] "The 'central inquiry in deciding whether there is a substantial threat of irreparable harm to the plaintiff is whether the plaintiff's injury could be compensated by money damages.'"[38] Accordingly, "there can be no irreparable injury where money damages would adequately compensate a plaintiff."[39]

Without citation to any authority, Plaintiff contends "whether or not plaintiff Gonzales obtained damages for the loss of its freedoms does not undercut the finding of irreparable injury."[40] Further, Plaintiff maintains the Court "denied plaintiff's ability to pursue damages, other than nominal damages[.]"[41] However, the Court's ruling[42] touched on the evidence that was required under Louisiana law to establish damages for lost profits; the Court did not simply preclude compensatory damages as unavailable.

---

[35] *Book People, Incorporated v. Wong*, 91 F.4th 318, 340 (5th Cir. 2024)(quoting *Opulent Life Church v. City of Holly Springs*, 697 F.3d 279, 295 (5th Cir. 2012)(quoting 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2948.1 (2d ed. 1995))(internal quotation marks omitted).
[36] *See Lambert v. Bd. of Comm'rs of Orleans Levee Dist.*, No. 05-5931, 2006 WL 8456316, at *7 (E.D. La. Mar. 22, 2006).
[37] *Johnson Controls, Inc. v. Guidry*, 724 F.Supp.2d 612, 619 (quoting *Deerfield Med. Ctr. v. City of Deerfield Beach*, 661 F.2d 328, 338 (5th Cir.1981); *Allied Marketing Group, Inc. v. CDL Marketing, Inc.*, 878 F.2d 806, 810 fn. 1 (5th Cir.1989)).
[38] *Id.* (quoting Allied Marketing Group, Inc., 878 F.2d at 810 fn. 1).
[39] *Id.* (citing *DFW Metro Line Services v. Southwestern Bell*, 901 F.2d 1267, 1269 (5th Cir.1990) (citations omitted)).
[40] Rec. Doc. 86-1, p. 5.
[41] *Id.*
[42] Rec. Doc. 77.

Plaintiffs attempted to establish lost profits damages through only their own testimony without any supporting documentary evidence. The Court analyzed the applicable jurisprudence and concluded that, under Louisiana law, "the uncorroborated testimony by a plaintiff alone is insufficient to provide economic loss damages to a degree of reasonable certainty."[43] The Court made clear that Plaintiff was permitted to present evidence of lost profits such as tax returns, invoices, or any other measure of corroborating evidence. Because Plaintiff lacked this documentation, it could not present evidence of lost profits based solely on the speculative testimony of the Plaintiffs' owners. Clearly, the Plaintiff believed its economic injury was monetarily compensable and sought such a remedy, and with the appropriate evidence, the Court would have allowed Plaintiff to seek recovery of such damages. Thus, the Plaintiff has not demonstrated that its injury is irreparable.

### 3. Lack of Adequate Remedy at Law

The final requirement to obtain permanent injunctive relief for a constitutional violation requires Plaintiff show the lack of an adequate remedy at law. Here, Plaintiff obtained an adequate remedy at law in the form of nominal damages. Many courts have held that a jury award for a technical constitutional violation can be considered an adequate remedy at law, and post-trial injunctive or declaratory relief is not always warranted. In *Memphis Community School Dist. v. Stachura*, the Supreme Court held that damages based on the abstract "value" or "importance" of constitutional rights are not permissible elements of compensatory damages in Section 1983 cases.[44] The Court emphasized that compensatory damages for actual harm are ordinarily sufficient to deter

---

[43] *Id.* at p. 7.
[44] 477 U.S. 299 (1986).

constitutional violations;[45] this principle aligns with the notion that a jury award for a technical constitutional violation, which compensates for actual harm, can be deemed adequate.

Furthermore, in *Uzuegbunam v. Preczewski*, the Supreme Court held that nominal damages can redress a past injury, emphasizing that even small monetary awards can provide concrete relief and affect the behavior of the defendant towards the plaintiff.[46] This case illustrates that monetary damages, even nominal ones, can be an adequate remedy for constitutional violations, potentially negating the need for additional injunctive or declaratory relief.

Because Plaintiff obtained an adequate remedy at law, the Court finds it is not entitled to permanent injunctive relief. It is likewise not entitled to a declaratory judgment declaring the City's current towing rotation list illegal and unconstitutional.

### III. CONCLUSION

For the foregoing reasons, the Motion for Preliminary Injunction and/or Declaratory Relief filed by Plaintiff Gonzales Towing and Repair, Inc. is DENIED.[47] Judgment shall be entered in accordance with the jury's verdict.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this **19** day of May, 2025.

_____
SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[45] *Id.*
[46] 592 U.S. 279 (2021).
[47] Rec. Doc. 86.